IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff, <br><br> v. <br><br> CHENELLE SIMMONDS, Defendant. | INDICTMENT <br><br> CRIMINAL NO. 2010- 16 <br><br> 18 U.S.C. §§ 1621 and 1623 <br><br> TWO COUNTS |



**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>

That on or about January 25, 2007, on St. Croix in the District of the Virgin Islands, and within the jurisdiction of this Court, the defendant herein:

**CHENELLE SIMMONDS,**

having duly taken an oath, before said District Court, that she would testify truly, did willfully and knowingly and contrary to said oath state material matter which she did not believe to be true, that is to say Virgin Islands Detective Richard Matthews, a law enforcement officer, paid her to make false statements before a federal grand jury, to wit:

    Q. So why did you say this in front of the Grand Jury?
    A. The truth?
        THE COURT: Yes, the truth.
        THE WITNESS: I was being paid to come up here and lie on Troy and Angel Rodriguez.
    Q. Who paid you? Who paid you? Point out the person who paid you.
    A. Detective Matthews.
    Q. Detective Matthews?
    A. Detective Matthews was going to. Since you want the truth, he was going to pay.
    Q. He was going to pay you to come and testify?

      A. Yes, testify to untruth.
      Q. And so he was going to pay you to tell the story? When did he offer you?
      A. I don't remember. That was like two years ago.
      Q. So two years ago he offered you money to come into court and lie? Did you take the money?
      A. No.
      Q. You didn't
      A. No.
      Q. So why did you go to the Grand Jury and lie?
      A. Because I was planning to take the money.
      Q. So you perjured yourself in front of the Grand Jury because you say Detective Matthews offered you some money two years ago that you didn't take.
      A. I didn't take it.

The aforesaid underscored testimony of **CHENELLE SIMMONDS**, as she then and there well knew and believed, was false in that Detective Richard Matthews, in fact, did not pay, or offer to pay, defendant for any testimony, all in violation of Title 18, United States Code, Section 1621.

## COUNT TWO

That on or about January 25, 2007, on St. Croix in the District of the Virgin Islands, and within the jurisdiction of this Court, the defendant herein:

**CHENELLE SIMMONDS,**

while under oath as a witness in a case then being tried before the United States District Court for said District entitled United States of America and The Government of The Virgin Islands v. Troy Moore, Angel Rodriguez, et. al., Crim. No. 2004-105, willfully and knowingly made material declarations which were inconsistent with prior material declarations made by defendant while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the District of the Virgin Islands, Division of St. Thomas and St. John, such material declarations being inconsistent to the degree that some of them were necessarily false.

It was material to each of the proceedings described in paragraph one above to determine

2

whether defendant Angel Rodriguez used the aliases "Malungo" or "Dungo," in order to ascertain his identity and involvement, based on the use of his alias in undercover recordings, in various criminal offenses in conjunction with the robbery of a Wendy's restaurant on April 17, 2004, on St. Croix in the Virgin Islands.

The said **CHENELLE SIMMONDS**, on or about May 13, 2005, while appearing as a witness under oath before a federal grand jury in the District of the Virgin Islands, Division of St. Thomas and St. John, knowingly testified with respect to a material matter as follows:

> Q. Now, I'd like to talk to you a little bit about a person known as Angel Rodriguez. Do you know that person?
> A. Yeah.
> Q. And what name do you normally call him?
> A. "Malungo."
> Q. And how do you spell that?
> A. M-a-l-u-n-g-o.
> Q. And does he have another name that you sometimes call him?
> A. "Dungo."
> Q. And how would you spell "Dungo?"
> A. D-u-n-g-o.

The said **CHENELLE SIMMONDS** on or about January 25, 2007, while under oath as a witness in United States of America and The Government of The Virgin Islands v. Troy Moore, Angel Rodriguez, et. al., Crim. No. 2004-105, knowingly testified with respect to a material matter as follows:

> Q. Okay. Now, did - - Angel Rodriguez, what name do you know him by?
> A. Mulungo.
> Q. Do you also know him as Dungo?
> A. Nope.
>
> * * *
>
> Q. Now you testified before the Grand Jury back on May 13th, 2005, correct?
> A. I guess.
> Q. Over in St. Thomas?
> A. Yeah.

3

\* \* \*

Q. You were sworn to tell the truth that day, right?
A. Yes.
Q. Just like you were sworn here. Let me direct your attention to line 9 through line 11 (referring to the Grand Jury transcript). You were the one who first mentioned the name Dungo, correct?
A. That's what the paper say.
Q. You were the one talking at that time, right?
A. Yeah.

\* \* \*

Q. So you do know him by, use that nickname Dungo, do you?
A. I don't call he that.

\* \* \*

Q. Well, where did the name - - take a look, and see from page 1 through page 9, and see when is the first time that Dungo is mentioned, and who says the name first. Go ahead. Take a look, ma'am.
A. I look already.

\* \* \*

Q. Do you recall now who first mentioned the name of Dungo?
A. No.

Further, it was material to each of the proceedings described above in paragraph one of this Count to determine whether defendant Troy Moore used the aliases "C Murder" or "O Murder," in order to ascertain his identity and involvement in various criminal offenses in conjunction with the robbery of a Wendy's restaurant on April 17, 2004, on St. Croix in the Virgin Islands.

The said **CHENELLE SIMMONDS**, on or about May 13, 2005, while appearing as a witness under oath before a federal grand jury in the District of the Virgin Islands, Division of St. Thomas and St. John, knowingly testified with respect to a material matter as follows:

4

> Q. And did you recognize that person?
> A. Yeah.
> Q. Had you seen him before?
> A. Yeah
> Q. A number of times.
> A. Yeah
> Q. And what do you know him as?
> A. "C Murder."
> Q. "C" as in the letter "C."
> A. Yeah.
> Q. And then Murder?
> A. Yeah.
> Q. And you were about to say something.
> A. And "O Murder."
> Q. "O Murder?"
> A. Yeah, Whichever one.
> Q. Okay. Now, do you know that person, at least their first name?
> A. Yeah, I do.
> Q. And who is that?
> A. Troy.

The said **CHENELLE SIMMONDS** on or about January 25, 2007, while under oath as a witness in United States of America and The Government of The Virgin Islands v. Troy Moore, Angel Rodriguez, et. al., Crim. No. 2004-103, knowingly testified with respect to a material matter as follows:

> Q. And did you know Troy Moore by any other name.
> A. No.
> Q. You didn't know him as C Murder or Murder.
> A. No.
> Q. You didn't testify before the Grand Jury that you did?
> A. That's what the paper say?
> Q. No. I'm asking you, isn't it true that you testified on –
> A. I don't remember if I call he C Murder or Murder or Troy.
> Q. Isn't that what you told, ma'am?
> A. And I told you, I do not remember.
>
> * * *
>
> Q. Okay. When we stopped, I was asking you about your (Grand Jury) transcript, page nine. Let's see. Let me direct your attention to the bottom, the very last line of page nine and to page ten. Page nine, very last name, "in Troy's lap."

5

       Do you see what I'm talking about?
- A. Uhm-hmm.
- Q. And that was an answer. And then there was a question, on page ten, right? Do you see the question?
- A. Uhm-hmm
- Q. You were asked who you knew at the time to be C Murder, and your answer was what?
- A. Yes.
- Q. Yes?
- A. Yes.
- Q. And you were asked about, oh, Murder, and you said what?
- A. Yeah.
- Q. Oh, are you saying now that you don't remember or you didn't know him as C Murder or Murder?
- A. Nope.

The underscored material declarations of defendant **CHENELLE SIMMONDS**, quoted above, were irreconcilably contradictory and were material to the points in question in each of the

proceedings before which such declarations were made, all in violation of Title 18, United States Code, Section 1623.

ROSA EMILIA RODRIGUEZ VELEZ
United States Attorney
District of Puerto Rico

By: *(signature)*
VERNON BENÉT MILES
Special Assistant U. S. Attorney
United States Attorney's Office
Torre Chardon, 350 Chardon Avenue, Suite 1201
San Juan, Puerto Rico 00918

District of the Virgin Islands: May 6, 2010.

Returned into the District Court by Grand Jurors and filed.

*(signature)*
RUTH MILLER
United States Magistrate Judge

ATTEST:

WILFREDO F. MORALES
Clerk of the Court

By *(signature)*
Deputy Clerk

7