IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>                           Plaintiff,            )<br>            v.                                                  )<br>                                                                )<br>CHENELLE SIMMONDS,                    )<br>                                                                )<br>                           Defendant.         )<br>_____) | CRIM. NO.: 10-cr-0016 |

**MEMORANDUM OPINION REGARDING APPLICATION OF U.S.S.G. §2J1.3(c)**

Finch, Senior Judge

    **I.**    **Background**

THIS MATTER came before the Court on the objection of defendant Chenelle Simmonds ("Simmonds") to the Presentence Investigation Report instituted in preparation for her sentencing. Simmonds has pled guilty to perjury and false declaration before a grand jury or court in violation of 18 U.S.C. §§ 1621 and 1623 and is currently awaiting sentence on those charges.[1] The dispute primarily concerns whether or not the sentence enhancement provided for in U.S.S.G. § 2X3.1 applies to Simmonds' perjury offense. The Office of Probation applied the enhancement and calculated the sentencing guideline range to be between 70-87 months, but recognizing that her sentence was statutorily limited to a maximum of 60 months, recommended a sentence of 60 months. The government agrees with Probation's calculation, while Simmonds

---

[1] Probation grouped counts 1 and 2 in accordance with U.S.S.G. §3D1.2(a) because the counts involved the same victim and the same act or transaction.

argues that the enhancement is inapplicable and the range should be 10-16 months. A hearing was held on March 18, 2011 and the Court took the matter under advisement.

## II. Analysis

The guideline applicable to Simmonds' perjury charges is U.S.S.G. §2J1.3, which provides for a base offense level of 14. Section 2J1.3 contains the following cross reference:

> (1) If the offense involved perjury . . . *in respect to a criminal offense*, apply § 2X3.1 (Accessory After the Fact) with respect to that criminal offense, if the resulting offense level is greater than that determined above.

U.S.S.G. § 2J1.3(c)(1) (emphasis added.)

Section 2X3.1, entitled "Accessory After the Fact," provides in pertinent part that the base offense level will be "6 levels lower than the offense level for the underlying offense." The application notes that follow § 2X3.1 address the meaning of "underlying offense":

> For purposes of this guideline, "*underlying offense" means the offense as to which the defendant is convicted of being an accessory*, or in the case of a violation of 18 U.S.C. 2339A, "underlying offense" means the offense the defendant is convicted of having materially supported after its commission (i.e., in connection with the concealment of or an escape from that offense), or in the case of a violation of 18 U.S.C. 2339C(c)(2)(A), "underlying offense" means the violation of 18 U.S.C. 2339B with respect to which the material support or resources were concealed or disguised.

(emphasis added.)

Defendant, focusing on the portion of the application notes italicized above, argues that § 2X3.1 is only applicable where the defendant has been convicted as an accessory of the underlying offense. However, contrary to the position taken by defendant, appellate courts have found that where § 2X3.1 is applied as an "enhancement" against a perjury charge rather than a guideline for penalizing an individual convicted for accessory after the fact, there is no

2

requirement that the defendant be convicted as an accessory to the underlying offense. *See United States v. Blanton*, 281 F.3d 771, 775 (8th Cir. 2002); *United States v. Martinez*, 106 F.3d 620, 621 (5th Cir. 1997); *United States v. Dickerson*, 114 F.3d 464, 468 (4th Cir. 1997); *United States v. Glover*, 52 F.3d 283, 285 (10th Cir. 1995); *United States v. Gay*, 44 F.3d 93, 94-95 (2d Cir. 1994). As the Fifth Circuit has noted, "the guidelines merely borrow the formula in § 2X3.1 to treat a defendant who has perjured himself in relation to a criminal offense as if he was convicted of being an accessory." *Martinez*, 106 F.3d at 621. Thus, "the application notes of § 2X3.1, which relate to the substantive crime of accessory after the fact, are not relevant where § 2X3.1 is being used simply as a formula for the perjury offense." *Glover*, 52 F.3d at 285 D*ickerson*, 114 F.3d at 468 (same).

In *United States v. Chinnery*, No. 03-1299, 2003 WL 21469342 (3d Cir. June 26, 2003) (unpublished), the Third Circuit addressed the issue of whether § 2X3.1 was applicable to an individual who had committed perjury during a trial in which he faced charges relating to an assault. Chinnery contended that his false statements, wherein he had alleged to hold a college degree and to be an attorney, were not in respect to a criminal offense within the meaning of the Sentencing Guidelines. *Id*. at *8. As counsel for the Simmonds noted at the hearing, the central issue there was whether Chinnery's perjurious statements were "in respect to a criminal offense" rather than whether the cross-reference in § 2J1.3 applied. *Id*. at *7. However, the facts of that case indicate that Chinnery was not convicted as an accessory after the fact of the assault; in fact, there was no conviction for the "underlying offense" because he was acquitted of the assault charges. *Id*. at *1. Thus, in applying the enhancement in § 2X3.1, the Third Circuit presumed that it applied regardless of whether the defendant had been convicted as an accessory after the fact for the underlying offense. Moreover, the Third Circuit clearly said so. Prior to reaching its

3

decision, the Third Circuit noted that "[t]he purpose of the cross-reference within § 2J1.3 is 'to treat more severely perjuries that risk an incomplete or an inaccurate . . . trial of a criminal offense.'" *Id.* at *8. (quoting *United States v. Suleiman*, 208 F.3d 32, 39 (2d Cir.2000)). Therefore, the court concluded, "the enhancement does not require that the defendant be convicted of, or an accessory to, the underlying crime." *Id.* (citing *United States v. Blanton*, 281 F.3d 771, 775-76 (8th Cir.2002); *United States v. Martinez*, 106 F.3d 620, 621-22 (5th Cir.1997)).

The application notes to § 2J1.3 reinforce the rulings of the appellate courts. In the section labeled "Background," it is explained that

> The guidelines provide a higher penalty for perjury than the pre-guidelines practice estimate of ten months imprisonment. The Commission believes that perjury should be treated as obstruction of justice. Therefore, the same considerations for enhancing a sentence are applied in the specific offense characteristics, and an alternative reference to the guideline for accessory after the fact is made.

U.S.S.G. § 2J1.3, Application Notes.

Based on the guidance of the appellate courts, as well as the language of § 2J1.3(c)(1) and the application notes accompanying it, the Court concludes that the cross-reference to § 2X3.1 is applicable where perjury is in respect to a criminal offense, and that there is no requirement that the defendant be convicted of, or act as, an accessory after the fact for the underlying criminal offense. The Court must, however, make a factual inquiry to establish that the perjury was "in respect to a criminal offense."

The following facts establish that Simmonds' perjury in fact related to a criminal offense.[2]  The perjurious statements made by Simmonds occurred on January 25, 2007, while testifying under oath as a witness in a case before the United States District Court in the matter *United States of America and The Government of the Virgin Islands v. Troy Moore, Angel Rodriguez*, Crim No. 2004-105.  In that matter, Troy Moore and Angel Rodriguez and two others were indicted for various offenses, including carjacking and murder, that arose from an attempted robbery of Wendy's restaurant on April 17, 2004 in St. Croix.  Moore was also known in the community by the aliases "C Murder" and "O Murder;" Rodriguez was also known as "Malungo" and "Dungo."  While awaiting trial, the defendants were detained at the Metropolitan Detention Center in Guaynabo, Puerto Rico.  In undercover recordings made of the defendants while in pre-trial detention, the defendants were overheard discussing details of their roles in the attempted robbery.  During the conversations, they used their aliases and not their given names.

Simmonds, identified as a possible suspect in the robbery when her telephone number appeared in a cell phone recovered from a stolen car, was interviewed by agents and admitted that she knew Rodriguez as "Malungo" and "Dungo" and that Moore's nickname was "C Murder" and "O Murder."  On May 13, 2005, while appearing under oath as a witness before a federal grand jury in the District of the Virgin Islands, Simmonds testified to the same.  However, on January 25, 2007, while testifying at trial, Simmonds denied that she knew the defendants Rodriguez or Moore by the above-stated aliases, and testified that she had lied regarding her knowledge of those aliases during the grand jury proceedings because Virgin Islands Detective Richard Matthews had paid her to do so.  Simmonds subsequently pled guilty to perjury based on her statement at trial that Detective Matthews had offered her money to lie to

---

[2] The following facts are taken from facts described in counts 1 and 2 of the indictment, counts to which Simmonds has entered a guilty plea, as well as section of the Presentence Report entitled "The Offense Conduct."

the Grand Jury (count 1), and for her statements that she did not know defendants Rodriguez and Moore by their aliases (count 2).

"[A] perjurious statement is in respect to a criminal offense where the defendant knew or had reason to know, at the time of his perjury, that his testimony concerned such a criminal offense." *Chinnery*, 2003 WL 21469342 at *8 (citing *United States v. Leon-Reyes*, 177 F.3d 816, 824 (9th Cir.1999).

There is no doubt here that Simmonds, who had testified at the grand jury proceedings in this matter, knew that her testimony at trial implicated the defendants Rodriguez and Moore in the crimes that occurred at Wendy's on April 17, 2004. In particular, her truthful testimony would have provided evidence that Rodriguez and Moore were the individuals on the jail-house recording who had made inculpatory statements regarding their involvement in the Wendy's murder. In fact, Simmonds claims that she "feared for her safety and the safety of her family when testifying for the government at the trial of the Wendy's murder defendants." (Def. Object. To Presentence Report.) Such a fear can only be attributed to Simmonds' knowledge that her testimony was in relation to the criminal acts of the defendants. In this case, in addition to depriving the government of a material piece of evidence in the criminal prosecution, Simmonds' false statement regarding the misconduct of Detective Matthews could have served to exculpate the defendants by showing that the police had attempted to frame them for the murder. Accordingly, based on these facts, the Court finds that the false statements made by Simmonds were in "respect to" the criminal offense of murder.

### III.   Conclusion

Based on the foregoing analysis and consideration of the facts in this matter, the Court concludes that the U.S.S.G. §2J1.3(c)'s cross-reference applies to the calculation of Simmonds' sentence.  The Court recognizes that the application of the cross reference significantly increases the severity of the sentence associated with perjury.  However, this result is not inconsistent with policy statement included in the Guidelines.  Moreover, Court will also undertake a consideration of the factors set forth in 18 U.S.C. § 3553(a) prior to determining Simmonds' sentence.

**ENTER**:

Dated: April 7, 2011

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE